# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| JAYMES ANTHONY STARK,<br><br>Plaintiff,<br><br>vs.<br><br>JANA HACKER, *et al.*,<br><br>Defendants. | No. C18-3063-LTS<br><br>**MEMORANDUM<br>OPINION AND ORDER** |

## I. INTRODUCTION

This matter is before me on a motion (Doc. 15) for summary judgment filed by defendants. Pro se plaintiff Jaymes Stark filed an irregular response that will be discussed in more detail below. Oral argument is not necessary. *See* Local Rule 7(c).

## II. PROCEDURAL HISTORY

### A. *The Southern District Case*

Stark filed a 42 U.S.C. § 1983 case in the Southern District of Iowa on June 28, 2018, against Lee County, Iowa, the State of Iowa, and various Lee County employees. *See* C18-0069-RGE (the Southern District Case). He alleged that on June 29, 2016, while in the custody of the Lee County Sheriff, he was being transported when the sheriff's deputy who was driving responded to an in-progress bank robbery. *See* C18-0069-RGE, Doc. 1. Stark alleged that during the pursuit of the robbery suspect, the suspect fired a gun, striking the vehicle. *Id.* Stark alleged six counts as a result of that incident: (1) unreasonable seizure by the county and county defendants; (2) cruel and unusual punishment by the county and the county defendants; (3) denial of his free speech rights; (4) conspiracy by the county defendants; (5) common law negligence by the county

defendants; and (6) deliberate indifference to medical needs by the State of Iowa. *Id*. at 6-12.

On July 12, 2019, the county defendants filed a motion for summary judgment regarding Counts 1 through 5. C18-0069-RGE, Doc. 31. On February 13, 2020, the district court granted summary judgment as to Counts 1 and 4 but denied summary judgment as to Counts 2, 3 and 5. *Id*. at 23. The county defendants appealed the denial of summary judgment as to Count 2 and the Eighth Circuit Court of Appeals reversed. *Stark v. Lee Cty.*, 993 F.3d 622, 626 (8th Cir. 2021).

On March 18, 2020, the State of Iowa filed a motion for summary judgment as to Count 6. On July 30, 2020, the district court granted summary judgment on Count 6, finding that because Stark's claim for deliberate indifference was asserted against the State of Iowa, as opposed to individual defendants, it was precluded by the Eleventh Amendment and the Supreme Court's decision in *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66–67 (1989). C18-0069-RGE, Doc. 60 at 6.[1] On January 24, 2022, the parties filed a stipulated notice of dismissal of the Southern District Case. *Id*., Doc. 90.

*B.   This Case*

Stark filed the complaint (Doc. 5) in this case on November 15, 2018. He alleges that on November 17, 2016, he was in a prison transport van that was involved in an automobile accident. On July 20, 2021, I entered an order (Doc. 4) in which I granted Stark's motion to proceed in forma pauperis and conducted an initial review pursuant to 28 U.S.C. § 1915A, dismissing two of his claims and allowing two to proceed. Specifically, I found Stark asserted viable claims that the defendants (1) negligently

---

[1] The district court also dismissed Stark's claim to the extent it sought relief under the Iowa Constitution because he had failed to comply with the Iowa Tort Claims Act. *Id*. at 9-10.

operated the prison van and (2) were deliberately indifferent to his medical needs after the accident.[2] Doc. 4 at 5-8.

On August 19, 2021, the defendants filed an answer (Doc. 8). On August 23, 2021, the Clerk's office entered the standard § 1983 briefing schedule (Doc. 9). Stark filed a motion (Doc. 10) to appoint counsel on August 24, 2021, and a motion (Doc. 11) for discovery on October 4, 2021. On November 10, 2021, the defendants filed a motion (Doc. 15) for summary judgment. They agree that Stark was in the custody of the State of Iowa and that he was in a traffic accident on November 16, 2016.[3] However, defendants argue that Stark received appropriate medical care. Doc. 15-1 at 6-10. They also make the argument, discussed in my prior order (Doc. 33), "[t]he Iowa prison officials assert that the determination made in [the Southern District Case] is preclusive to the issues raised in the present case. [The Southern District Case] encompassed the same time frame as the present action and the litigation could and should have included the allegations raised in [this case]." *Id*. at 11. Finally, defendants argue that the court should decline to exercise supplemental jurisdiction as to Stark's negligence claim and, if the court does exercise jurisdiction, the claim should be dismissed because Stark failed to comply with the Iowa Tort Claims Act. *Id*. at 12-13.

On November 15, 2021, Stark filed a motion (Doc. 19) for a temporary restraining order in which he sought an injunction directing defendants to provide him with specific medical care. On December 8, 2021, Stark filed a motion (Doc. 25) for an extension of time to reply to the motion for summary judgment. On December 14, 2021, defendants filed a motion (Doc. 29) to stay, requesting that their discovery requirements be stayed pending ruling on the motion for summary judgment. On March 9, 2022, Stark filed a

---

[2] In that order I denied Stark's claims that defendants engaged in retaliation, engaged in a conspiracy and violated his free speech rights. *See* Doc. 4 at 5-6.

[3] The parties appear to disagree about whether the incident occurred on November 16, 2016, or November 17, 2016. The exact date is not material to the issues discussed in this order.

3

document entitled "Declaration in opposition to Defendant's Motion for summary Judgment" (Doc. 32).

On March 28, 2022, I entered an order (Doc. 33) granting Stark an extension of time to file a response to defendant's motion for summary judgment, denying his motion to appoint counsel, denying his motion for a temporary injunction, denying defendants' motion to stay, vacating the original scheduling order and directing the parties to have a status conference with Judge Roberts to resolve the remaining discovery issues. After the status conference, which took place on May 12, 2022, Judge Roberts entered a new scheduling order (Doc. 37) setting an updated discovery deadline of August 12, 2022, and giving Stark until September 12, 2022, to file a proper resistance to defendant's motion for summary judgment. That deadline has now passed and Stark has not filed a proper resistance to defendants' motion for summary judgment.

### III. FACTS

After I granted him additional time to respond to the motion for summary judgment Stark failed to do so. Thus, he has not addressed, in the manner prescribed by the local rules, defendants' statement of material facts (Doc. 15-2). "[A] failure to respond to an individual statement of material fact, with appropriate appendix citations, may constitute an admission of that fact." Local Rule 56(b); *see also* Fed. R. Civ. P. 56(e). Therefore, I will treat as admitted all of the facts set forth in defendants' statement. Those facts will be summarized below in the "Undisputed Facts" section of this order.

#### A.  *Allegations from the Amended Complaint*

Stark makes two claims. First, he alleges defendants violated his constitutional rights by providing deliberately indifferent medical care. Specifically, "I was seriously physically injured and emotional traumatized by the entire incident." Doc. 5 at 4. He states that the defendants, "refused to acknowledge and follow the recommendations from the University Hospital." *Id*. He goes onto state that, "[t]he negligent actions of the

4

individual defendants in violation of my constitutional rights constitute a willful and wanton disregard of the rights of safety of plaintiff." *Id*. Second, Stark makes a state law claim that defendants were negligent in their operation of the prison van.[4]

## B. *Undisputed Facts*

Stark was, at the relevant times, in the custody of the State of Iowa. On November 16, 2016, he was incarcerated at the Fort Dodge Correctional Center (FDCC) in Fort Dodge, Iowa. That day he had an appointment at the Iowa Medical and Classification Center (IMCC) in Coralville, Iowa, regarding his medical issues from the Southern District Case. He was enroute to that appointment in a prison transport van when the van hit a deer. Doc. 15-2 at 2. Stark was wearing a seat belt at the time of the accident and the van's airbags did not deploy. *Id*.

Prison officials were made aware of the accident and directed that Stark be taken to the University of Iowa Hospital (UIH) for evaluation. *Id*. at 2-3; Doc. 16 at 34, 45. Stark presented to the UIH complaining of neck pain. Doc. 16 at 42. UIH performed a CAT scan that showed no fractures or other acute issues. *Id*. at 40-41. Physician's Assistant Nathaniel Shekem discharged Stark from UIH with a recommendation for physical therapy and Tylenol or ibuprofen. *Id*. at 44. Stark continued on to the IMCC, where he was evaluated by defendant Dr. Joel Kosinski. Doc. 16 at 47. Stark told Dr. Kosinski, "my neck was not the issue, I can't walk long distances because of my back." *Id*. Dr. Kosinski evaluated Stark, agreed there were no acute issues and directed that Stark, "should walk as much as possible . . . he should just walk slowly, safely and at a comfortable gait." *Id*. Dr. Kosinski stated Stark did not need a cane or a walker and prescribed him Tylenol. *Id*.

---

[4] As will be discussed below, I find Stark has failed to create a genuine issue of material fact regarding his federal claim, so I will not further discuss his state law negligence claim.

5

Stark returned to FDCC and, later the same day, sent a message to health services complaining of the fact that he was not prescribed a cane. Prison nurse Sarah Pearson directed that he continue on the plan directed by Dr. Kosinski. *Id*. at 48. Stark returned to the FDCC health services center the next day asking about activity restrictions. Prison Nurse Stacey Cline contacted Dr. Kosinski who advised that Stark should "increase mobility." Doc. 16 at 49. Over the next few days Stark submitted additional messages to FDCC health services. On November 20, 2016, he was again seen at health services where his chief complaint was, "I just don't understand why Dr. Kosinski would not follow the recommendations of Iowa City." Id. at 50. Prison nurse Vicki Brezovan told Stark that Dr. Kosinski was his primary provider, not UIH, provided Stark some additional exercises he could do and told him "as long as he is indigent that analgesics will provided to him." *Id*. On November 30, 2016, Stark sent health service an additional message stating he had more back and neck pain and requesting a cane. *Id*. at 54. Defendant Karen Anderson encouraged Stark to walk as directed by Dr. Kosinski and reminded him that he had been prescribed Tylenol to manage pain. *Id*.

## IV.   SUMMARY JUDGMENT STANDARDS

Any party may move for summary judgment regarding all or any part of the claims asserted in a case. Fed. R. Civ. P. 56(a). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A material fact is one that "'might affect the outcome of the suit under the governing law.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, "the substantive law will identify which facts are material." *Id.* Facts that are "critical" under the substantive law are material, while facts that are "irrelevant or unnecessary" are not. *Id.*

6

An issue of material fact is genuine if it has a real basis in the record, *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)), or when "'a reasonable jury could return a verdict for the nonmoving party' on the question." *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005) (quoting *Anderson*, 477 U.S. at 248). Evidence that only provides "some metaphysical doubt as to the material facts," *Matsushita*, 475 U.S. at 586, or evidence that is "merely colorable" or "not significantly probative," *Anderson*, 477 U.S. at 249–50, does not make an issue of material fact genuine.

As such, a genuine issue of material fact requires "sufficient evidence supporting the claimed factual dispute" so as to "require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 248–49. The party moving for entry of summary judgment bears "the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue." *Hartnagel*, 953 F.2d at 395 (citing *Celotex*, 477 U.S. at 323). Once the moving party has met this burden, the nonmoving party must go beyond the pleadings and by depositions, affidavits, or otherwise, designate specific facts showing that there is a genuine issue for trial. *Mosley v. City of Northwoods*, 415 F.3d 908, 910 (8th Cir. 2005). The nonmovant must show an alleged issue of fact is genuine and material as it relates to the substantive law. If a party fails to make a sufficient showing of an essential element of a claim or defense with respect to which that party has the burden of proof, then the opposing party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 322.

In determining if a genuine issue of material fact is present, I must view the evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587–88. Further, I must give the nonmoving party the benefit of all reasonable inferences that can be drawn from the facts. *Id.* However, "because we view the facts in the light most favorable to the nonmoving party, we do not weigh the evidence or attempt to determine the credibility of the witnesses." *Kammueller v. Loomis, Fargo & Co.*, 383

F.3d 779, 784 (8th Cir. 2004). Instead, "the court's function is to determine whether a dispute about a material fact is genuine." *Quick v. Donaldson Co., Inc.*, 90 F.3d 1372, 1376–77 (8th Cir. 1996).

## V. DISCUSSION

### A. Deliberate Indifference Claim

#### 1. Standard

"Liability under § 1983 may arise "for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker v. McCollan*, 443 U.S. 137, 146 (1979). An inadequate medical care claim is governed by the Eighth Amendment deliberate-indifference standard.[5] *See Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014).

> Whether an official was deliberately indifferent requires both an objective and a subjective analysis. *Scott v. Benson*, 742 F.3d 335, 339-40 (8th Cir. 2014). Under the objective prong, [the plaintiff] must establish that he suffered from an objectively serious medical need. *See id.* at 340. To be objectively serious, a medical need must have been "diagnosed by a physician as requiring treatment" or must be "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Id.* (quoting *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). Under the subjective prong, [the plaintiff] must show that an official "actually knew of but deliberately disregarded his serious medical need." *Id.* This showing requires a mental state "akin to criminal recklessness." *Id.* (quoting *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006)). Consequently, [the plaintiff] must show "more than negligence, more even than gross negligence" to evince deliberate indifference. [*Fourte v. Faulkner Cty.*, 746 F.3d 384, 387 (8th Cir. 2014)] (quoting *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)).

*Id.* at 1065; *accord Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 795 (8th Cir. 2006).

---

[5] The deliberate indifference standard applies to both inmates and pretrial detainees. *Jackson*, 756 F.3d at 1065; *see also Barton v. Taber*, 908 F.3d 1119, 1123-24 (8th Cir. 2018).

8

To establish an official's deliberate indifference to a serious medical need, a plaintiff must demonstrate: (1) a substantial risk of serious harm to the inmate existed and (2) the prison official knew of and disregarded that risk. *Robinson v. Hager*, 292 F.3d 560, 563-64 (8th Cir. 2002) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)); *see also Morris v. Cradduck*, 954 F.3d 1055, 1058 (8th Cir. 2020). As noted above, to establish such a violation a plaintiff must demonstrate both an objective and subjective component. *Coleman*, 114 F.3d at 784. An imperative prerequisite to success on this claim is that the officials "knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge." *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996). This showing requires a "mental state akin to criminal recklessness: disregarding a known risk to the inmate's health." *Gordon,* 454 F.3d at 862. The result of that requirement is the necessary implication that negligent failure to diagnose and negligent treatment are insufficient to support a claim under the Eighth Amendment. *See Estelle*, 429 U.S. at 105-06; *Bellecourt v. United States*, 994 F.2d 427, 431 (8th Cir. 1993); *see also Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 755 (5th Cir. 2001) ("It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference.").

### 2. *The Parties' Arguments*

Defendants state, "for the purposes of this motion, the Iowa prison officials assert that as a result of [] a collision, an individual may have a serious medical need." Doc. 15-1 at 8. However, defendants argue that following the accident, Stark was provided adequate medical care. Specifically, defendants note that immediately following the accident, Stark was sent to the UIH emergency room, where acute issues were ruled out. He had a second medical appointment that same day, where again, acute injuries from the accident were ruled out and he was given a treatment plan. He was then seen routinely by health services in the days following the accident. Defendants state that at most Stark

9

is alleging a disagreement with defendants' treatment plan, which is not sufficient to state a claim under the deliberate indifference standard.

Even after being granted an extension of time, Stark failed to file a resistance to the motion for summary judgment that complies with this court's rules. Instead, the only resistance Stark filed (Doc. 32) seems to be a combination of a brief and statement of facts. Even giving that document the most liberal possible construction, Stark does not provide any evidentiary citations to support his statements. Moreover, his statements largely track with factual record developed by the defendants. Stark agrees that he was in the accident, was taken to UIH, was seen by Dr. Kosinski and was seen repeatedly by health services at FDCC. The bulk of his resistance relates to the fact that none of the defendants ever ordered that he receive an MRI. *See, e.g.*, Doc. 32 at 2-3 (stating that "[o]nce I was returned to Fort Dodge Correctional Facility, from 11-16-2016 until I was released in January of 2018, I never went to the University of Iowa Hospital and Clinics. I was never taken to get an MRI)."[6]

### 3. *Analysis*

Both parties agree that an accident occurred, Stark was taken directly to UIH, where a scan was conducted and acute injuries were ruled out. Stark was seen later the same day by Dr. Kosinski, who prescribed walking and pain medications. Stark was later given additional exercises to manage ongoing neck and back pain.

---

[6] Stark also makes numerous allegations about events that occurred after November 2016. *See* Doc. 32 at 4-5. However, the claim raised in his complaint (Doc. 5) relates only to the accident that occurred in November 2016 and its immediate aftermath. As noted in the defendants' brief, Stark's general medical care from July 2016 through March 2018 was considered in the Southern District Case and his claims for deliberate indifference were denied. Although I found in my previous order (Doc. 33 at 5) that the Southern District Case does not preclude Stark's current complaint, to the extent Stark is attempting to expand the scope of his deliberate indifference claim in his resistance (Doc. 32), that broader claim is precluded by the Southern District Case for the reasons set out in defendants' brief. *See* Doc. 15-1 at 10-11.

As a matter of law, defendants' conduct does not constitute deliberate indifference. There is no evidence that any defendant disregarded Stark's medical needs. Indeed, defendants promptly attended to Stark after the car accident. Stark offers no evidence that Dr. Kosinski's plan was "grossly inadequate or evidenced intentional maltreatment." *Dulany v. Carnahan*, 132 F.3d 1234, 1241 (8th Cir. 1997). Nor does he offer evidence that it "deviate[d] from the professional standard of care or [was] unreasonable." *Johnson v. Leonard*, 929 F.3d 569, 577 (8th Cir. 2019). While Stark clearly disagrees with the treatment, and believes he needed an MRI, a cane and a neck brace, disagreement does not engender a constitutional violation. *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) ("[M]ere disagreement with treatment decisions does not rise to the level of constitutional violations.").

Indeed, there is no evidence in the record to support a claim that defendants' treatment plan was negligent. Rather, the record contains Stark's only conclusory statements that different treatment was needed, which is not sufficient to support a deliberate indifference claim. *Whitney v. City of St. Louis, Missouri*, 887 F.3d 857, 860 (8th Cir. 2018) (conclusory statement is not sufficient to establish a deliberate indifference claim). As such, defendants are entitled to summary judgment as to Stark's deliberate indifference claim.[7]

---

[7] There are several other issues with Stark's deliberate indifference claim. For one, Stark does not make any particularized allegation against most of the defendants. Additionally, although defendants' conceded a car accident *could* establish a serious medical need, in this case, there are no facts that Stark *did have* a serious medical need. It is true that back pain can be a serious medical need. *See Logan v. Clarke*, 119 F.3d 647, 649 (8th Cir.1997) (finding that "substantial back pain" was a serious medical need). However, there is no medical evidence that Stark's back pain – the issue he was already on the way for a medical appointment about at the time of the accident – was related to the November 2016 accident or that it was "serious" during the time period at issue in this case.

11

Case 3:18-cv-03063-LTS-MAR   Document 40   Filed 09/26/22   Page 11 of 13

## B. *State Law Claim*

Stark's remaining claim is a state law claim for negligence. Defendants argue that I should decline to exercise supplemental jurisdiction over this claim. Doc. 15-1 at 11-13. Stark makes no contrary argument.

A federal court may decline to exercise supplemental jurisdiction over a state law claim if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367. "In the 'usual case' where all federal claims are dismissed on a motion for summary judgment, 'the balance of factors to be considered under the [supplemental] jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Starkey v. Amber Enterprises, Inc.*, 987 F.3d 758, 765 (8th Cir. 2021) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)); *see also Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 749 (8th Cir. 2009); *Kapaun v. Dziedzic*, 674 F.2d 737, 739 (8th Cir. 1982).

Having considered the relevant factors, I decline to exercise supplemental jurisdiction over Stark's negligence claim, which arises solely under state law. That claim will be dismissed without prejudice to being re-filed in the appropriate state court.

## VI.  CONCLUSION

For the reasons set forth herein:

1. Defendants' motion (Doc. 15) for summary judgment is **granted** with regard to Stark's claim that the defendants were deliberately indifferent to his medical needs. That claim is hereby **dismissed with prejudice**.

2. Stark's remaining claim, which is a negligence claim that arises under Iowa law, is hereby **dismissed without prejudice**, as this court declines to exercise supplemental jurisdiction over that claim.

3. Because this order disposes of all pending claims, judgment **shall enter** in favor of the defendants and the Clerk of Court shall **close this case.**

**IT IS SO ORDERED.**

**DATED** this 26th day of September, 2022.

_____
Leonard T. Strand, Chief Judge